UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER GRATEROL GOMEZ,

      Petitioner,

    v.                           Case No.:  2:26-cv-01124-SPC-NPM

TODD BLANCHE *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Roger Graterol Gomez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).  For the below reasons, the Court grants the petition.

Graterol Gomez is a native of Venezuela who entered the United States on October 17, 2014, with a B2 visa.  Graterol Gomez overstayed the visa, and Immigration and Customs Enforcement ("ICE") arrested him on October 4, 2015.  An immigration judge granted Graterol Gomez's request for voluntary departure.  He failed to depart, so the voluntary departure order became a removal order on November 25, 2010.  On January 16, 2016, an immigration judge granted Graterol Gomez's motion to reopen and ordered his release on bond.  The immigration judge ultimately ordered Graterol Gomez removed to Venezuela and granted him withholding of removal under the Convention Against Torture.  Graterol Gomez has never been convicted of a crime.

On March 2, 2026, ICE arrested Graterol Gomez at his place of work. He is currently detained at Alligator Alcatraz. Graterol Gomez challenges the legality of his detention under the Fifth Amendment.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Graterol Gomez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002). The presumptively reasonable period of detention thus ended 180 days after the removal order became administratively final.

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Graterol Gomez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE cannot remove Graterol Gomez to Venezuela, and it has taken no steps towards third-country removal. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Graterol Gomez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Graterol Gomez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Roger Graterol Gomez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Graterol Gomez within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record